**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| MICHAEL GENE FREED, | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. 3:13-CV-592 |
| CHRISTOPHER DUFFY, *et al.*, | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Before the Court is a complaint filed by Michael Gene Freed, a *pro se* prisoner, pursuant to 42 U.S.C. § 1983. (DE # 1.) For the reasons set forth below, the Court: (1) **GRANTS** the plaintiff leave to proceed against Christopher Duffy and Dr. Mazick in their official capacity for injunctive relief related to the current care he is receiving for mental health problems; (2) **DISMISSES** Dr. Elhert, Ms. Richardson, and Mr. Wardell; (3) **DISMISSES** any and all other claims contained in the complaint; (4) **DIRECTS** the United States Marshals Service to effect service on Christopher Duffy and Dr. Mazick; and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Christopher Duffy and Dr. Mazick to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Michael Gene Freed, a *pro se* prisoner, filed this action on June 13, 2013. (DE # 1.) He alleges that he has been denied proper care for mental health problems while incarcerated within the Indiana Department of Correction ("IDOC").

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. In determining whether the complaint states a claim, the Court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.

*Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The Court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to the complaint and attachments, Freed has a history of mental health and substance abuse problems, dating back to when he was approximately seven or eight years old. He was evaluated by a forensic psychologist in September 2010 in connection with his present offense, and was found to suffer from schizoaffective disorder, attention deficit hyperactivity disorder ("ADHD"), antisocial personality disorder, and substance addiction. The psychologist recommended that he receive psychotropic medication while in prison "in order to achieve some degree of stability of mood and thought." (DE # 1-1 at 16.) Other records he attaches show that a psychiatrist diagnosed him with bipolar and antisocial personality disorder in 2007 in connection with a prior criminal offense, and that at some point prior to his incarceration he took psychiatric medications prescribed by a psychiatrist. (*Id.* at 19-33.)

In the present suit, Freed claims that he has been denied proper care for his mental health problems while at Miami Correctional Facility ("MCF") in 2011 and 2012, and at his current

facility, Westville Correctional Facility Control Unit ("Westville"). He claims that he has been hearing voices "that tell me to hurt and kill others," and has been acting out by hurting himself. He states that despite these problems, mental health staff at MCF and Westville have refused to prescribe him with any psychiatric medication. He seeks injunctive relief pertaining to his current care, asking the Court to order that he be provided with treatment for his mental disorders. (DE # 1 at 5.) He sues an official from Corizon Healthcare, which employs the medical staff at the prisons, as well as mental health staff from both MCF and Westville.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical needs, including psychiatric disorders. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 671 (7th Cir. 2012). For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical practice, since "the Eighth

Amendment does not codify common law torts." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). An inmate who has received some form of treatment for a medical condition must show that the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Id.*

Here, the records Freed attaches present a conflicting picture. Although they do indicate he has a history of mental health problems, at least one mental health professional evaluating him in the past questioned whether he has a mental illness requiring medication. (DE # 1-1 at 24) ("He states he has a diagnosis of bipolar disorder and has been on medications for that, however his description of that illness is not that convincing to me . . ."). It appears from an attachment that mental health staff within IDOC evaluated Freed and concluded that he suffers from antisocial personality disorder, not a psychiatric problem that requires medication. (DE # 1-1 at 57.) Records also show that he has not been fully cooperative with staff, in two instances refusing to speak with a therapist who came to his cell because, in his own words, he is "extremely cranky" in the mornings. (DE # 1-1 at 41.) Another document reflects that he was previously prescribed some type of psychiatric medication while in prison, but it was discontinued because he would not go to the medication window to pick it up. (*Id.* at 51.)

However, at this stage, the Court must accept Freed's allegations as true and draw all inferences in his favor. As recounted above, he alleges that he has suffered from mental health problems for many years, has been hearing voices, and feels that he might hurt himself or others if he does not receive medication. He also alleges that at present he is not receiving any form of mental health treatment. Although further factual development may show that medical staff properly evaluated his need for treatment, giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed on an Eighth Amendment claim.

As a procedural matter, Freed is only seeking relief pertaining to his current need for treatment, and he has no claim for injunctive relief against the defendants from MCF. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred."). Freed does not claim, nor is there anything before the Court to suggest, that he is likely to be transferred back to MCF anytime in the near future. Accordingly, the MCF defendants will be dismissed.

In connection with his current care, he sues Dr. Mazick (first name unknown), the lead psychologist at Westville, as well as Christopher Duffy, vice president of operations for Corizon, who reviewed complaints he made about his medical care. (*See* DE # 1-1

at 51.) Both of these individuals are proper defendants for purposes of a claim for injunctive relief, since they could ensure that an order pertaining to Freed's medical care is carried out. *See Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989). Accordingly, Freed will be permitted to proceed against these two defendants in their official capacity for injunctive relief.

Freed also sues Mr. Wardell (first name unknown), a therapist at Westville, but there is no indication he is a final decision-maker or otherwise a proper party for purposes of ordering injunctive relief. Nor is there anything to indicate Mr. Wardell was deliberately indifferent to Freed's mental health needs. As stated above, Freed twice refused to speak with him when he attempted to evaluate his need for mental health treatment. In response to Freed's complaint that he was coming by too early, Wardell went to speak him at a different time of day. After their meeting, Freed informed him that he was having a problem with "crying a lot," which he had failed to mention because, in his words, "as soon as it passes I get extremely angry." (DE # 1-1 at 43.) Wardell responded that he would come to speak with him again so they could discuss the problem further. (*Id.*) That is the extent of Wardell's involvement in these events, as reflected in the complaint and attachments. Even giving these filings liberal construction, Freed has not alleged a plausible deliberate

indifference claim against the therapist. Accordingly, this defendant will be dismissed.

CONCLUSION

For the reasons set forth above, the Court:

(1) **GRANTS** the plaintiff leave to proceed against Christopher Duffy and Dr. Mazick in their official capacity for injunctive relief related to the current care he is receiving for mental health problems;

(2) **DISMISSES** Dr. Elhert, Ms. Richardson, and Mr. Wardell;

(3) **DISMISSES** any and all other claims contained in the complaint;

(4) **DIRECTS** the United States Marshals Service to effect service on Christopher Duffy and Dr. Mazick; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Christopher Duffy and Dr. Mazick to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: June 20, 2013**

**/s/RUDY LOZANO, Judge**
**United States District Court**